Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRYAN CORNELL, | CASE NO. |
| Plaintiff, | COMPLAINT FOR DAMAGES AND OTHER RELIEF BASED UPON: |
| vs. | 1. AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT |
| HAKKASAN HOLDINGS LLC, a Nevada Limited Liability Company; HAKKASAN LIMITED, a Foreign Corporation; HAKKASAN LV LLC, a Nevada Limited Liability Company; HAKKASAN TEXAS HOLDINGS LLC, a Nevada Limited Liability Company; and BIJOU, LLC, a Nevada Limited Liability Company; | 2. HOSTILE ENVIRONMENT AGE HARASSMENT IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT |
| Defendants. | JURY DEMAND |

Plaintiff BRYAN CORNELL (hereinafter "Plaintiff" or "Cornell") alleges as follows:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to the provisions of Age Discrimination in Employment Act of 1967, as amended, *29 USC §621, et seq.* (hereinafter "ADEA") to obtain

1

1. relief for Plaintiff for discriminating and harassing him on the basis of his age.

2. At all relevant times, Defendants HAKKASAN HOLDINGS LLC, a Nevada Limited Liability Company; HAKKASAN LIMITED, a Foreign Corporation; HAKKASAN LV LLC, a Nevada Limited Liability Company; HAKKASAN TEXAS HOLDINGS LLC, a Nevada Limited Liability Company; and BIJOU, LLC, a Nevada Limited Liability Company (hereinafter "Defendants" or "Hakkasan") employed more than twenty (20) employees, and they are therefore subject to the provisions of the ADEA.

3. Jurisdiction is predicated on the ADEA code section referenced above as well as *28 USC §1331*, as this action involves a federal question.

4. The events or omissions giving rise to Plaintiffs' claim occurred in this judicial district, thus venue is proper here pursuant to *28 USC §1391(b)(2),* and the ends of justice so require.

**PARTIES**

5. At all relevant times herein Plaintiff Cornell was a citizen of the United States and resident of the State of Nevada, County of Clark and City of Las Vegas.

6. Plaintiff is informed and believes and thereon alleges that Defendants at all material times mentioned herein were Cornell's employer within the meaning of sections 623 and 630(b) of the ADEA.

**EXHAUSTION OF REMEDIES**

7. Plaintiff has filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission (hereinafter "EEOC") and Nevada Equal Rights Association (hereinafter "NERC") against Defendant Hakkasan and he has received a Notice of Right to Sue from the EEOC on this charge on August 25 2020. A copy of this Notice is attached to the Complaint as Exhibit "A".

**STATEMENT OF FACTS**

8. Cornell was hired as by Hakkasan on January 8, 2015. On February 18, 2019

Plaintiff was offered and accepted the position of Security Manager at the Jewel Nightclub. Plaintiff worked as Security Manager at the Jewel Nightclub until he was terminated on February 21, 2020.

9. During his employment with Defendants, Daron Garrett (Executive Director of Security), Kim Schioldan (Vice President of Global Security) and Ken Peters (Security Manager at the Wet Republic), among others, would make age bias/harassing comments about Cornell's age. These comments were made in front of other employees. Plaintiff tried not to get upset or lash out when this comments were made because he did not want to get overlooked for any type of promotion or affect his current standing with the company.

10. For example Garrett would make age bias/harassing comments in the corporate security office, at the venue, at special functions and in text messages.

11. On July 10, 2020 Garrett showed up to one of Cornell's pre-shift staff meetings prior to the venue opening and when Plaintiff was having trouble remembering an item of concern, Garrett blurted out in the middle of the staff meeting that Cornell was "old and forgetful".

12. Later on that night after the venue had opened when Plaintiff was explaining something to two other employees, Garrett stated that Cornell was "so old that you and Noah built the Ark together." This caused the two employees that Plaintiff was talking to to laugh at his expense.

13. Garrett also text Cornell that "Sickness affects the elderly worse" after Plaintiff had texted Garrett that he wasn't feeling well because of allergies and a flu like cold.

14. Peters placed a small Knome statute on Cornell's desk and stated it reminded him of Plaintiff when he was away because of how old the Knome looked. He also would tell others that it reminded him of Cornell.

15. Peters would also make comments about Plaintiff's age in work group chats and texted Cornell an image of an old man behind a walker. On another occasion Peters texted Plaintiff that "aging sucks".

16. Overall Plaintiff had to put up with age bias/harassing comments on a weekly basis from approximately February 2018 until he was terminated in February of 2020.

17. Cornell was never given performance evaluations during his time at Hakkasan and he was never told his performance was a problem.

18. From October 2019 through January 2020 Plaintiff was given mandatory retraining and was told he successfully passed the retraining.

19. Thus it came as a complete surprise to Cornell when he was taken to the HR conference room by Schioldan on February 21, 2020 and informed by HR Director Lauren Hanley that he was being terminated for overall poor job performance. When Plaintiff questioned Hanley specifically on what was poor about his job performance, she could not cite any specifics and just said that Cornell's job performance did not meet the company's requirement or standard. Further Plaintiff was not given documentation of poor performance when he asked Hanley for the same. This led Cornell to believe that his termination was because of his age.

20. This was supported by the fact that prior to terminating Cornell, Hakkasan terminated Darin Wagner as Security Manager at the Hakkasan Nightclub. Wagner was in his late 40s at the time of his termination and had been with the company over ten years. After Cornell was terminated there were no Venue Security managers over the age of 40 at Hakkasan.

21. On information and belief, Hakkasan hired or will hire a substantial younger employee to replace Cornell as Security Manager at the Jewel Nightclub with lesser qualifications and experience than Plaintiff when the club reopens or another nightclub opens in its place.

## **FIRST CAUSE OF ACTION**

**(By Plaintiff for Age Discrimination in Violation of**

**the Age Discrimination in Employment Act of 1967)**

22. Plaintiff incorporates the allegation set forth in paragraphs 1 through 21, inclusive, as if fully set forth herein.

23. This cause of action is brought pursuant to ADEA as it involves a claim by Plaintiff

for Age Discrimination which is governed by ADEA.

24. Cornell was 50 years of age and performing his job in a satisfactory manner when he was terminated on February 21, 2020 and was replaced (or will be replaced) by a substantially younger employee who has less experience and less qualifications than Plaintiff or there are other circumstances that will be proven at trial that show that age was the "but for" cause of Plaintiff's termination.

25. As a direct, foreseeable, and legal result of Defendant's Age Discrimination, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

26. The Age Discrimination by Defendant was willful and thus Plaintiff should be awarded liquidated damages pursuant *29 USC §626(b).*

27. As a further direct, foreseeable, and legal result of the Defendant's age discrimination, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which he seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

28. In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

29. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

30. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## SECOND CAUSE OF ACTION

**(By Plaintiff for Hostile Environment Age Harassment in Violation**

**of the Age Discrimination in Employment Act of 1967)**

31. Plaintiff incorporates the allegations set forth in paragraphs 1 through 30, inclusive, as if fully set forth herein.

32. This cause of action is brought pursuant to ADEA as it involves a claim by Plaintiff for "Hostile Environment" age harassment which is governed by ADEA.

33. As previously set forth herein above, Plaintiff was harassed because of his age by various people at Hakkasan in violation of the ADEA which created a "Hostile Environment" in the workplace for Cornell.

34. By failing to take reasonable actions, Hakkasan breached their duty under the law to provide an environment free of age harassment.

35. As a direct, foreseeable, and legal result of the age harassment by various people at Hakkasan and Defendant's failure to provide a work environment free of age harassment, Plaintiff has suffered crying attacks, embarrassment, feeling violated, having nightmares about the incident, being unable to sleep, indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which he seeks damages in an amount in excess of the minimum jurisdictional limits of the court, also to be proven at the time of trial.

36. In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

37. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

38. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant Hakkasan as follows:

1. For back pay and front pay for overall economic losses in earnings, bonuses, job benefits and expenses, according to proof at time of trial;

2. For an award of liquidated damages pursuant *29 USC §626(b)* for Defendant's willful violation of *29 USC §§623(a) and 623(d)*;

3. For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life and other pecuniary losses, all to Plaintiff's damage in a sum to be shown at the time of trial;

4. For punitive damages;

5. For attorney's fees and costs in an amount determined by the court to be reasonable, pursuant to *29 USC §§216(b) and 626(b)*;

6. For pre-judgment interest on all damages; and

7. For any other and further relief that the Court considers proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury in this action.

DATED: 11/20/2020          LAW OFFICES OF MICHAEL P. BALABAN

BY: /s/Michael P. Balaban
   Michael P. Balaban
   LAW OFFICES OF MICHAEL P. BALABAN
   10726 Del Rudini Street
   Las Vegas, NV  89141

# EXHIBIT "A"

# NOTICE OF RIGHT TO SUE

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Bryan C. Cornell<br>1350 North Town Center Drive #1078<br>Las Vegas, NV 89144 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite 5560<br>Las Vegas, NV 89101 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2020-00955 | Breanne Blain, Investigator | (702) 388-5054 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Tamara M. West

Digitally signed by Tamara M. West
DN: cn=Tamara M. West, o=EEOC, ou=Director-LVLO, email=tamara.west@eeoc.gov, c=US
Date: 2020.08.25 08:28:04 -07'00'

Tamara M. West,
Local Office Director      (Date Mailed)

Enclosures(s)

cc: Deanna Brinkerhoff
Executive Director of Legal Affairs
HAKKASAN
6385 South Rainbow Blvd #800
Las Vegas, NV 89118